IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUAN J. STEPHENSON | : | CIVIL ACTION |
| v. | : | |
| DAVID DIGUGLIELMO, et al. | : | NO. 10-1825 |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                            SEPTEMBER 30, 2010
UNITED STATES MAGISTRATE JUDGE

Before the Court is a pro se Petition for Writ of Habeas Corpus filed by Shaquan J. Stephenson under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"). For the reasons which follow, the habeas petition should be denied and dismissed.

### 1. BACKGROUND AND PROCEDURAL HISTORY

On March 3, 2000, Stephenson was sentenced to six to twelve (6-12) years in prison after being found guilty of Robbery in the Court of Common Pleas of Chester County. See Hab. Pet. ¶¶ 1-2; Pa. Dept. of Corrections ("DOC") Sentence Status Summary sheet at 1. Petitioner's controlling minimum sentence date was July 24, 2005, and his controlling maximum sentence date was July 24, 2011. Id.

On February 5, 2007, petitioner was released on parole. See Order to Release on Parole signed 2/1/07. Petitioner was arrested on December 18, 2008 for new criminal charges. See Crim. Arrest and Disposit'n Rprt. dated 10/1/09. In light of the arrest, the Pennsylvania Board of

Probation and Parole ("Board") issued a Warrant to Commit and Detain petitioner. See Warrant dated 12/18/08. Although petitioner was granted bail on January 5, 2009 on the new criminal charges, he remained detained pursuant to the Board's warrant. On March 5, 2009, the Board revoked petitioner's bail, and he was recommitted as a technical parole violator to serve six months backtime. See Notice of Bd. Decis'n.

On June 1, 2009, petitioner pled guilty to new criminal charges, was sentenced on those new charges with a minimum sentence of time served, and was granted immediate parole. See Order dated 6/1/09, at 1-2. On October 2, 2009, petitioner waived his right to a parole revocation hearing. See Petr.'s Waiver signed 10/2/09. On November 9, 2009, he was recommitted as a convicted parole violator, and his parole violations maximum sentence date was established at June 23, 2013. See Notice of Bd. Decis'n.

Stephenson subsequently filed this § 2254 petition apparently challenging the Board's decision recalculating his maximum sentence date following the revocation of parole.[1] Respondent argues that petitioner's claims are procedurally defaulted, see Respondent's Br. 5-8, and that in any event, the claims are without merit, id. at 8-11. Accordingly, respondent urges dismissal of the petition. Id. at 11.

## 2. DISCUSSION

Initially, it is noted that Rule 9.3 of the Local Rules of Civil Procedure provides:

---

[1]. Contrary to Local Civil Rule 9.3(b), petitioner's originally-filed petition (Doc. 1) was not on the required current standard § 2254 form. Therefore, by Order of May 13, 2010 (Doc. 2), the Honorable Jan E. DuBois directed petitioner to file the petition on the proper form, which Stephenson has done (Doc. 3).

> All petitions for writ of habeas corpus and all motions pursuant to 28 U.S.C. § 2255 shall be filed on forms provided by the Court and **shall contain the information called for by such forms**. The required information shall be set concisely and legibly. Ordinarily, the Court will consider **only** those matters which are **set forth on the forms** provided by the Court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule may result in **dismissal of the petition.**

See Local R. Civ. P. 9.3(a) (emphases added); see also Rule 2(d), 28 U.S.C. foll. § 2254 ("The petition must substantially follow . . . a form prescribed by a local district court rule."). Here, although Stephenson filed his habeas petition on the form provided by the Court, he **failed to include *any* grounds for relief *on the form*.**[2] See Hab. Pet. ¶ 12(A)-(D). Instead, he appears to have attempted to circumvent Judge DuBois' Order by attaching a copy of the petition he originally filed (Doc. 1) to the § 2254 form filed in response to Judge DuBois' May 13, 2010 Order, see supra note 1. Therefore, petitioner has blatantly failed to comply with Local Rule 9.3 and habeas rule 2(d), and his petition may be dismissed on that basis. See, e.g., United States v. Miller, 2006 WL 1789050, *1 (E.D. Pa. June 26, 2006) (denying motion for reconsideration where § 2255 motion was dismissed for failure to "set forth his argument on the form in any way, but merely mak[ing] reference to a memorandum of law"). Nevertheless, as explained below, even excusing these violations of the rules, the complaints raised by petitioner should be denied and dismissed.

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts."

---

2. In particular, petitioner left blank the section of the habeas form directing petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States." See Hab. Pet. (Doc. 3) ¶ 12.

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

To properly exhaust a claim involving a determination by the Board, a habeas petitioner must first seek administrative review with the Board. See Pagan v. Pa. Bd. of Probat'n and Parole ("PBPP"), 2009 WL 210488, *3 (E.D. Pa. Jan. 22, 2009) (citing 37 Pa. Code § 73.1(a)). Following an administrative appeal, the petitioner must seek review in the Commonwealth Court of Pennsylvania. Id. at *3 (citing 42 Pa. C.S.A. § 763(a)). The petitioner must then seek review in the Pennsylvania Supreme Court in order to properly exhaust such a claim. See Williams v. Wynder, 232 Fed. Appx. 177, 180 (3d Cir. 2007) ("the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court" from the denial of relief by Pennsylvania's Commonwealth Court); Pagan, 2009 WL 210488, at *3 (citing Williams).

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he habeas petitioner bears the burden of proving that he has exhausted available state remedies." Toulson, 987 F.2d at 987.

In this case, the Board notified Stephenson of the calculation of his new maximum sentence date in November 2009. See Notice of Bd. Decis'n of 11/9/09 (mailed 11/16/09)

4

(indicating new "Parole Violation Max Date" of 6/23/13). That notice also advised petitioner that in order to appeal the decision, he "must file a request for **administrative relief** with the Board **within thirty days** of this Order." Id. (emphases added). Respondent points out and petitioner does not appear to deny that he did not seek administrative review of the November 9, 2009 Board decision establishing his recalculated parole violation maximum date. Nor does is it appear that petitioner filed an appeal in the Commonwealth Court or sought review from the Supreme Court of Pennsylvania to challenge the calculation of his maximum sentence date. Therefore, petitioner has failed to demonstrate that he properly exhausted his habeas claims by giving the state system "one full opportunity to resolve" his habeas claims "by invoking one complete round of the State's established appellate review process," see O'Sullivan, 526 U.S. at 844-45; Wenger, 266 F.3d at 223. See Hutchinson v. PBPP, 2010 WL 3025122, *2 (M.D. Pa. July 29, 2010) (where habeas petitioner challenging the Board's recalculation of his maximum sentence date failed to properly exhaust state remedies); Johnson v. Varano, 2010 WL 480672, *7 (M.D. Pa. Feb. 4, 2010) (where habeas petitioner challenged Board's revocation decisions and recalculation orders, his "failure to pursue available state remedies [was] fatal to [his] petition"); Hawkins v. PBPP, 2007 WL 1852822, *1, *3 (E.D. Pa. June 26, 2007) ("articulat[ing] the specific steps [the petitioner] was required to take in order to exhaust the claims" challenging the Board's recalculation of his maximum sentence date).

Furthermore, petitioner's claims appear to be procedurally defaulted in the Pennsylvania Courts. In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court explained the procedural default doctrine:

> In all cases in which a state prisoner has defaulted his federal claims

5

in state court[,] . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

See Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002) (quoting Coleman, 501 U.S. at 750), cert. denied, 537 U.S. 897 (2002). To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." Cristin, 281 F.3d at 412 (quoting Coleman, 501 U.S. at 753); see also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)), cert. denied, 532 U.S. 980 (2001).

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a fundamental "miscarriage of justice." See Werts, 228 F.3d at 193. "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (quoting Murray, 477 U.S. at 496). "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence." Cristin, 281 F.3d at 412 (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001) (citations omitted)); see Schlup v. Delo, 513 U.S. 298, 316 (1995). Here, petitioner fails to demonstrate "cause and prejudice" for his failure to timely raise his habeas claims for review by the Board and in the Commonwealth Court and Pennsylvania's Supreme Court.[3] See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750); Hutchinson, 2010

---

3. As explained by the Board in its notice of decision sent to petitioner, petitioner had 30 days to request administrative relief with the Board, see Notice of Bd. Decis'n of 11/9/09 (mailed 11/16/09) (indicating new "Parole Violation Max Date" of 6/23/13), and he had 30 days from the

WL 3025122, at *2 (petitioner procedurally defaulted his habeas claims challenging the Board's recalculation of his sentence maximum); Johnson, 2010 WL 480672, at *7 (petitioner procedurally defaulted his claims and failed to show good cause for failure to follow proper procedures to challenge the Board's recalculation orders); Hawkins, 2007 WL 1852822, at *3 (petitioner "failed to seek review of the Board's decision to revoke his parole and recalculate his maximum date by filing an appeal in the Pennsylvania Commonwealth Court, and the time for filing is past"). Nor does he show a "fundamental miscarriage of justice" to excuse his default. See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750); Johnson, 2010 WL 480672, at *7. Accordingly, habeas relief is unavailable to petitioner due to his procedural default.

Nevertheless, it is noted that Pennsylvania law authorizes the Board to revoke parole and extend Stephenson's maximum release date. Hawkins, 2007 WL 1852822, at *4 (citing 61 Pa. Stat. Ann. § 331.21a) (granting the Board discretion to recommit a parole violator "to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole"). Moreover, Pennsylvania's parole statute is constitutional. Id. (citing Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970) (rejecting Eighth Amendment, double jeopardy, and due process claims)); see Johnson, 2010 WL 480672, at *8 (citing Lawson); see also id. at *8 (quoting Choice v. Pa. Bd. of Parole, 448 F. Supp. 294, 298 (M.D. Pa. 1977)) ("[This statute] has been held not to violate the

---

denial of any administrative appeal to file an appeal with the Commonwealth Court, see Smith v. PBPP, 683 A.2d 278, (Pa. 1996) (citing Pa. R. App. P. 1512(a)); Hawkins v. PBPP, 2007 WL 1852822, at *3 (citing Smith v. PBPP) (petitioner has 30 days to file an appeal with the Commonwealth Court); see also Strait v. PBPP, 2009 WL 5112009 (M.D. Dec. 16, 2009) (where the Commonwealth Court dismissed as untimely petitioner's claims challenging the Board's recalculation of his prison sentence, and habeas review was unavailable due to the default).

due process and equal protection guarantees of the federal constitution, and not to violate the constitutional prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment or ex post facto laws."). "Indeed, for the past twenty-five years federal courts have expressly considered the provision of state law . . . which permits the recalculation and extension of parole release dates for recidivists who violate their release, and have held that '[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.'" Id. at *8 (citing United States ex rel. Heacock v. Myers, 367 F.2d 583 (3d Cir. 1966), cert. denied, 386 U.S. 925 (1967)). Here, petitioner acknowledged being a convicted parole violator and explicitly waived his right to a parole detention and revocation hearing, and the Board thus recalculated his maximum term of imprisonment, as required under Pennsylvania law. See, e.g., Hawkins, 2007 WL 1852822, at *4-5. In any event, petitioner has procedurally defaulted his claims challenging the Board's decision recalculating his maximum sentence date, and habeas relief is unavailable.

Under § 2253(c)(1), an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding "[u]nless a . . . judge issues a certificate of appealability ('COA')." 28 U.S.C. § 2253(c)(1)(A) (parenthetical added). "A COA may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see Miller-EL v. Cockrell, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-EL, 123 S. Ct. at 1040.

When a federal court denies a habeas petition on procedural grounds without reaching the

8

underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; see Miller-El, 123 S. Ct. at 1046 (Scalia, J., concurring). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, since a reasonable jurist could not conclude that the Court would be incorrect in denying and dismissing the § 2254 petition, a COA should not issue. See Slack, 529 U.S. at 484.

My Recommendation follows.

# RECOMMENDATION

**AND NOW**, this 30th day of September, 2010, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is hereby **RECOMMENDED** that the habeas petition be **DENIED** and **DISMISSED** and that a certificate of appealability should not issue.[4]

_____
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

4. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAQUAN J. STEPHENSON : CIVIL ACTION
:
v. :
:
DAVID DIGUGLIELMO, et al. : NO. 10-1825

ORDER

AND NOW, this        day of              , 2010, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and respondent's opposition thereto, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

3. A certificate of appealability shall not issue since, for the reasons set forth in the Report and Recommendation, a reasonable jurist could not conclude that the Court would be incorrect in denying and dismissing the § 2254 petition.

BY THE COURT:

_____
JAN E. DUBOIS, J.